# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                                                     Telephone: (212) 317-1200
New York, New York 10165                                                                          Facsimile: (212) 317-1620
_____

woates@faillacelaw.com

November 4, 2021

**Via ECF**

Hon. Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    Marcos Hernandez v. El Azteca Y El Guanaco Rest. Corp., et al
                  Docket No.: 20-cv-10316 (ER)

Your Honor:

      This office represents Plaintiff in the above-referenced matter. Plaintiff writes to submit his views on why the agreed upon settlement in this matter is fair.

      The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions and a mediation session. A copy of the Agreement is attached hereto as Exhibit "A." We respectfully request the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss the within action with prejudice.

    1. **Background**

      Plaintiff filed a Complaint against Defendants alleging claims for unpaid minimum wages, overtime compensation and spread of hours pay; the failure to provide wage notices and accurate wage statements; the recovery of equipment costs; unlawful deductions; and the failure to pay wages on a timely basis, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"); New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"); and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6. Plaintiff also sought liquidated damages, interest, attorneys' fees, and costs. Plaintiff alleges that he is entitled to back wages of approximately $36,608.00 and would be entitled to approximately $90,821.99 if he had recovered in full for his claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

      Plaintiff contends that he was employed by Defendants at two Mexican restaurants, located at 4195 Broadway, New York, New York 10033, under the name El Azteca & El Guanaco, and

134 East 170th Street, Bronx, New York 10452, under the name El Nuevo Azteca. Plaintiff was employed by Defendants from approximately May 2019 to on or about October 8, 2020. As set forth above, Plaintiff alleges that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay wages as mandated under federal and state law. Defendants deny the allegations in the Complaint.

## 2. Settlement Terms

The parties have agreed to settle this action for the total sum of $40,000.00. The settlement amount shall be paid in twenty-five installment payments, commencing seven (7) days after the Court's approval of this Agreement and endorsement of a Stipulation of Dismissal with prejudice. Subsequent settlement payments shall be made on the 30th day of each successive month for twenty-four months.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

Defendants indicated that they were financially strained due to the current pandemic. This information contributed to Plaintiff's decision to settle because he understood that even if he was to obtain a judgment, collecting it would be difficult. Considering this risk, and the inherent risks of proceeding to trial, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $13,333.33 from the settlement fund for attorneys' fees and costs. This represents one third of the recovery in this litigation.

Plaintiff's counsel's lodestar in this case is $11,640.00 and Plaintiff's costs are $734.00. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-cv-00105 (RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result.") (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-cv-08706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co.*, No. 11-cv-07961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24

Page 3

(S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.")  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, everyone covered by this settlement has already agreed to the fee provided for in the Agreement.

Given Plaintiff's counsel's significant experience in representing plaintiffs in wage and hour matters, Plaintiff's counsel was able to obtain an excellent result due to the Parties' cooperative exchange of information and on-going negotiations. A brief biography of each attorney who performed billable work in this matter is as follows:

   i.     <u>Michael Faillace</u>.  Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations.  Mr. Faillace's work is billed at the rate of $450.00 per hour, which is his standard billing rate for matters paid on an hourly basis.

   ii.    <u>William K. Oates</u>.  I am an associate at Michael Faillace & Associates, P.C.  I graduated New York Law School in 1995, and am admitted to the New York State Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York.  Since law school I have practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms.  Since joining Michael Faillace & Associates, P.C. in December 2020, I have been responsible for a caseload involving all aspects of the firm's employment docket in federal court.  My work is billed at the rate of $400.00 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.  Plaintiff thanks the Court for its time and consideration of this matter.

        Respectfully submitted,

        /s_____
        William K. Oates, Esq.
        Michael Faillace & Associates, P.C.
        *Attorneys for Plaintiff*

Page 4

cc: Gil Santamarina, Esq. (via ECF)
     *Attorney for Defendants*

Attachments