**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARCOS HERNANDEZ A/K/A PALENCIA,
*individually and on behalf of others similarly situated,*

                    *Plaintiff,*

-against-

EL AZTECA Y EL GUANACO REST CORP. (D/B/A EL AZTECA & EL GUANACO), NUEVO TULCINGO AZTECA CORP. (D/B/A EL NUEVO AZTECA), GILBERTO MOLINA, and TERESA DOE A/K/A ROSA,

                    *Defendants.*

Docket No.: 20-cv-10316 (ER)

**SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Marcos Hernandez a/k/a Palencia, individually and on behalf of others similarly situated ("Plaintiff"), on the one hand, and El Azteca Y El Guanaco Rest. Corp. (d/b/a El Azteca & El Guanaco), Nuevo Tulcingo Azteca Corp. (d/b/a El Nuevo Azteca) ("Defendant Corporations"), Gilberto Molina, and Teresa Doe a/k/a Rosa ("Individual Defendants") (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No.: 20-cv-10316 (ER) (hereinafter "the Litigation" or "Action"), alleging, *inter alia*, a violation of federal and state wage and hour laws; and

      WHEREAS, Defendants deny any violation of federal and state wage and hour laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Preliminary Matters</u>. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including William K. Oates, Esq. of Michael Faillace & Associates, P.C. ("Plaintiff's Counsel"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. The Parties participated in lengthy settlement discussions. Plaintiff acknowledges that it is his choice to waive any potential wage and hour claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. By signing below, Plaintiff represents that his primary language is Spanish; that Plaintiff's counsel has reviewed all terms of this Agreement with Plaintiff in Spanish; and that Plaintiff fully understands all terms of this Agreement and voluntarily accepts them. Given the promises set forth in the Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during his employment by Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, spread of hours pay, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from any of the Defendants.

2. <u>Dismissal of Pending Action</u>. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff shall (i) dismiss with prejudice, or cause to be dismissed with prejudice, the Action as against all Defendants, including but not limited to, any claims brought in the Action by Plaintiff; (ii) not re-file the causes of action asserted in the Action against Defendants; and (iii) not institute any action against any Defendants in any court or other forum based on factual allegations or claims existing or that may have existed prior to the date of this Agreement that are released, as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Action with prejudice (including the Stipulation of Dismissal annexed hereto as Exhibit A), approval of this settlement as fair and reasonable, and/or the effectuation of a full release of wage and hour claims as specified herein.

3. <u>Payment</u>: In consideration for Plaintiff's execution of and compliance with this Agreement, including the release set forth in Section 6 of this Agreement, and the dismissal with prejudice of the Action by Plaintiff as against all Defendants, Defendants shall pay or cause to be paid to Plaintiff and his counsel, subject to the terms and conditions of this Agreement, the total sum of Forty Thousand Dollars and No Cents ($40,000.00) (at times, referred to as the "Settlement Amount"), to be paid in twenty five (25) consecutive monthly installment payments. The first payment of Ten Thousand Dollars and No Cents ($10,000.00) shall be due within seven days of this Agreement being approved by the Court and the dismissal of the Action with prejudice. Each monthly payment thereafter in the amount of One Thousand Two Hundred and Fifty Dollars and No Cents ($1,250.00) shall be due on the 30th day of the following month (except for the month of February in which the settlement payment shall be due on the 28th day of that month).

Defendants shall remit each monthly payment by check, payable to "Michael Faillace & Associates, P.C., As Attorneys For Plaintiff". Defendants shall make the payments by sending the checks via hand-delivery, or by the United States Postal Service, United Parcel Service, or Federal Express with a tracking number, addressed to Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165. In the alternative, Defendants may remit the monthly payments by electronic or wire transfer to Michael Faillace & Associates to the following

account: Citibank N.A., Routing Number: 021000089, Account Number: 4978263891.

4. <u>Attorneys' Fees.</u> Michael Faillace & Associates, P.C. shall be accorded Thirteen Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($13,333.33) for legal services rendered, which represents one third of the Settlement Amount. Michael Faillace & Associates, P.C. shall receive one-third of the amount of each monthly payment, as referenced in Section 3.

5. <u>Tax Treatment.</u> There shall be no withholding for tax purposes from the portion of the settlement payments paid under Section 3 to Plaintiff and his counsel. It is agreed that Plaintiff and Plaintiff's counsel will be issued an IRS Form 1099 reflecting these payments during the appropriate year. No representations have been made to Plaintiff by Defendants or his attorneys regarding the taxability of the monies referred to in Section 3. Plaintiff understands that he will be responsible for paying any and all taxes related to the payments received under this Agreement. Michael Faillace & Associates, P.C. understands that it will be responsible for paying its taxes related to the payments under Section 3. The taxability of the settlement payments shall not affect the validity of this Agreement. Similarly, no representations have been made to Michael Faillace & Associates, P.C. by Defendants regarding the taxability of the settlement payments referred to in Section 3. Plaintiff agrees to defend and indemnify and hold harmless the Defendants against any and all tax implications that Defendants may face as a result of tendering the Settlement Amount.

6. <u>Affidavits of Confession of Judgment.</u> Concurrently with the execution of this Agreement, Defendants, Nuevo Tulcingo Azteca Corp. (d/b/a El Nuevo Azteca) and Gilberto Molina shall each execute and deliver to Plaintiff's counsel Affidavits of Confessions of Judgment ("Confessions of Judgment") in the form annexed collectively hereto as Exhibits B and, C. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff's counsel, will not be given to Plaintiff or any third-parties, and will not be entered and/or filed at any time other than: (i) in the event that the Defendants fail to make any of the installment payments as set forth in Section 3, <u>and</u> (ii) Defendants fail to cure such default within seven (7) business days of receipt of: a) written notice (to be delivered by Plaintiff's counsel to Defendants by e-mail to Gil Santamarina, Esq., at gil@santamarinalaw.com and overnight mailing by a nationally recognized carrier (e.g. fed ex). Such notice of default shall be deemed received upon electronic transmission and the first business day following overnight mailing. Upon timely payments of the Settlement Amount, the Confessions of Judgment will be destroyed with no copies retained, with notice of destruction provided to Gil Santamarina, Esq., except for any copies required to be maintained by the attorneys. In the event Plaintiff files the Confessions of Judgment pursuant to the terms herein, Plaintiff acknowledges that the total amount due would be $50,000.00 less payments made to date, and not $100,000.00 less payments made to date.

7. <u>Releases</u>. For and in consideration of the promises, payments, and actions of the Defendants set forth in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, beneficiaries, estate, executors, administrators, trustees, agents, representatives, attorneys, legal representatives, successors, assigns and any other entity or individual, in their respective capacity as such, who may make any claim by or through Plaintiff, with respect solely and only to actions or inactions,

or conduct or failure to act, that has arisen or occurred on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and each of their parents, subsidiaries, affiliates, predecessors, successors, related entities, assigns, insurers, employee benefit plans and programs, and fiduciaries, and all of their present and former owners, directors, officers, partners, members, shareholders, employees, representatives, agents, attorneys, and insurers from, and with respect to, any and all rights, actions, causes of action, suits, liabilities, claims, charges, and demands whatsoever, to the maximum extent permitted by law, which have accrued from the beginning of time through the date that the Parties execute this Agreement relating specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement, in particular the claims under the Fair Labor Standards Act, the New York Labor Law, and the Hospitality Wage Order of the New York State Department of Labor. Similarly, Defendants release and discharge Plaintiff from any and all wage and hour claims, and liabilities of such kind that they have, had, could have had, claimed to have, or could have claimed to have against Plaintiff relating specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement.

8. <u>No Pending or Future Lawsuits</u>. Plaintiff represents that he has no wage and hour lawsuits, claims, actions, or administrative proceedings pending in his names, or on behalf of any other person or entity, against the Defendants or any other person or entity referred to herein. Plaintiff also represents that he does not intend to bring any wage and hour claims on his own behalf or on behalf of any other person or entity against Defendants or any other person or entity referred to herein. Defendants represent that they have no wage and hour lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against Plaintiff or any other person or entity referred to herein. Defendants also represent that they do not intend to bring any wage and hour claims on their own behalf or on behalf of any other person or entity against Plaintiff or any other person or entity referred to herein.

9. <u>No Admission of Liability</u>. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties hereto, or either of them, either previously or in connection with this Agreement shall be deemed or construed to be (a) an admission of the truth or falsity of any claims and defenses heretofore made or (b) an acknowledgment or admission by either party of any fault or liability whatsoever to the other party or to any third party.

10. <u>Non-Disparagement</u>: The parties shall not make any electronic (such as on the Internet, social media, text or email), oral or written statement or disclosure that would negatively comment on, disparage, or call into question the business operations, policies, or conduct of the other, including, but not limited to, anything that is or could be seen as disparaging, discriminatory, harassing, degrading, or embarrassing to the other. Defendants agree that they will provide a neutral response to any third-party request for information pertaining to Plaintiff's employment by Defendants wherein they will only provide Plaintiff's dates of employment and job title(s). Defendants agree that they will not make any statement or disclosure to anyone in connection with an employment reference that would negatively comment on or disparage Plaintiff or that is or could be seen as disparaging, discriminatory, harassing, degrading, or embarrassing to Plaintiff. Nothing in this clause shall be construed to limit the parties' ability to testify truthfully pursuant

to a subpoena, court order, or other legal mandate. Further, nothing within this clause shall prohibit the parties from making truthful statements about their experiences in litigating this action.

    11.    Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by Plaintiff and Defendants. Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

    12.    Notices: Notices required under this Agreement shall be in writing and shall be deemed given upon electronic transmission and the first business day following first-class mailing thereof. Notice hereunder shall be delivered:

To Plaintiff:

William K. Oates, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel: (212) 317-1200
Email: woates@faillacelaw.com

To Defendants:

Gil Santamarina, Esq.
Santamarina & Associates
260 Madison Avenue, 17th Floor
New York, New York 10016
Tel.: (212) 965-1678
E-mail: gil@santamarinalaw.com

    13.    Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

    14.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

15. <u>Acknowledgments</u>. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement. It is understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, including the releases effected thereby. The Parties represent and warrant that the Settlement Amount is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily. Plaintiff acknowledges that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

16. <u>Headings</u>. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement

17. <u>No Other Representations or Agreements</u>. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

18. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This Agreement may also be executed by facsimile or electronic transmission. This Agreement must be executed by all Parties.

19. <u>Successors and Assigns</u>. This Agreement will apply to, be binding in all respects upon, and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that no party may delegate or avoid any of its liabilities or obligations under this Agreement.

**IN WITNESS WHEREOF**, and intending to be bound, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement.

**PLAINTIFF:**

By: _____          Date: 11/3/2021
MARCOS HERNANDEZ
a/k/a PALENCIA

Sworn to and subscribed to before
me this 3 day of ~~October~~ November, 2021

_____
NOTARY PUBLIC

MICHELLE MENA
Notary Public - State of New York
No. 01ME6420748
Qualified In Bronx County
My Comm. Expires, Aug. 16, 2025

**DEFENDANTS:**

By:

_____          Date: _____
EL AZTECA Y EL GUANACO REST CORP.
(d/b/a EL AZTECA & EL GUANACO)

Sworn to and subscribed to before
me this ____ day of October, 2021

_____
NOTARY PUBLIC

**IN WITNESS WHEREOF**, and intending to be bound, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement.

**PLAINTIFF:**

By: _____     Date: _____
    MARCOS HERNANDEZ
    a/k/a PALENCIA

Sworn to and subscribed to before
me this _____ day of October, 2021

_____
NOTARY PUBLIC


**DEFENDANTS:**

By: Gilberto Molina, ~~General Manager~~ President

★ _____     Date: 10-27-21
    EL AZTECA Y EL GUANACO REST CORP.
    (d/b/a EL AZTECA & EL GUANACO)

Sworn to and subscribed to before
me this 27 day of October, 2021

_____
NOTARY PUBLIC

TARA M. BONILLA
Notary Public, State of New York
No. 01BO6257717
Qualified in Queens County
Commission Expires 3/19/24

- 7 -

By: *Gilberto Molina, President*

By: *(signature)* Date: 10-27-21
NUEVO TULCINGO AZTECA CORP.
(d/b/a EL NUEVO AZTECA)

Sworn to and subscribed to before
me this ___ day of October, 2021

*(signature)*

NOTARY PUBLIC

TARA M. BONILLA
Notary Public, State of New York
No. 01BO6257717
Qualified in Queens County
Commission Expires 3/19/24

By: *(signature)* Date: 10-27-21
GILBERTO MOLINA

Sworn to and subscribed to before
me this ___ day of October, 2021

*(signature)*

NOTARY PUBLIC

TARA M. BONILLA
Notary Public, State of New York
No. 01BO6257717
Qualified in Queens County
Commission Expires 3/19/24

By: *Teresa Rosales Fernandez* Date: October 27, 2021
TERESA DOE a/k/a ROSA
ROSALES FERNANDEZ

Sworn to and subscribed to before
me this ___ day of October, 2021

*(signature)*

NOTARY PUBLIC

TARA M. BONILLA
Notary Public, State of New York
No. 01BO6257717
Qualified in Queens County
Commission Expires 3/19/24

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARCOS HERNANDEZ A/K/A PALENCIA, *individually and on behalf of others similarly situated,*

            *Plaintiff,*

-against-

EL AZTECA Y EL GUANACO REST CORP. (D/B/A EL AZTECA & EL GUANACO), NUEVO TULCINGO AZTECA CORP. (D/B/A EL NUEVO AZTECA), GILBERTO MOLINA, and TERESA DOE A/K/A ROSA,

            *Defendants.*

Docket No.: 20-cv-10316 (ER)

**STIPULATION OF DISMISSAL WITH PREJUDICE**

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above-captioned action, through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice as against all Defendants, with each party to bear their own fees and costs; and further that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act, New York Labor Law, or any other federal, state, or local law, for unpaid wages, including overtime pay that have accrued as of the Effective Date of the Parties' Settlement Agreement and Release or any other claims that were asserted and alleged, or could have been asserted or alleged, in the Complaint. that have accrued as of the Effective Date of the Parties' Settlement Agreement and Release.

**IT IS FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

MICHAEL FAILLACE & ASSOCIATES, P.C.    SANTAMARINA & ASSOCIATES

By: _____          By: _____
William K. Oates, Esq.                 Gil Santamarina, Esq.
60 East 42nd Street, Suite, 4510       260 Madison Avenue, 17th Floor
New York, New York 10165               New York, New York 10016
(212) 317-1200                         (212) 965-1678
woates@faillacelaw.com                 gil@santamarinalaw.com
*Attorneys for Plaintiff*              *Attorneys for Defendants*

SO ORDERED:

_____
HON. EDGARDO RAMOS, U.S.D.J.

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MARCOS HERNANDEZ A/K/A PALENCIA,
*individually and on behalf of others similarly situated*,

                    *Plaintiff*,

    -against-

EL AZTECA Y EL GUANACO REST CORP. (D/B/A EL AZTECA & EL GUANACO), NUEVO TULCINGO AZTECA CORP. (D/B/A EL NUEVO AZTECA), GILBERTO MOLINA, and TERESA DOE A/K/A ROSA,

                    *Defendants*.

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
                                ) ss.:
COUNTY OF NEW YORK )

1. I reside in ___Bx___ County, New York.

2. I, GILBERTO MOLINA, am the President of NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA). I am duly authorized to make this Affidavit of Confession of Judgment on behalf of NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA).

3. NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA) maintains its principal place of business in Bronx County at 134 East 170th Street, Bronx, New York 10452.

4. Pursuant to the terms of the Settlement Agreement and Release by and between MARCOS HERNANDEZ a/k/a PALENCIA on the one hand, and EL AZTECA Y EL GUANACO REST CORP. (d/b/a EL AZTECA & EL GUANACO), NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA), GILBERTO MOLINA, and TERESA DOE a/k/a ROSA ("Defendants") on the other hand, I hereby confess judgment and authorize entry thereof against NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA) in favor of Plaintiff for the sum of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments made under the Settlement Agreement.

5. This Affidavit of Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit of Confession of Judgment is annexed, which provides that Defendants are to remit a total sum of $40,000.00 to Plaintiff. The amount of this Affidavit of Confession of Judgment represents the settlement amount of $40,000.00, plus liquidated damages of $10,000.00, for a total of $50,000.00, less any payments made under the Settlement Agreement.

6. This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Affidavit of Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, Bronx County, as a judgment for $50,000.00 (less any amounts already paid to Plaintiff pursuant to the Settlement Agreement), against NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA).

NUEVO TULCINGO AZTECA CORP.
(d/b/a EL NUEVO AZTECA)

By: _____
GILBERTO MOLINA
Title: President

On October 27 2021, before me personally came GILBERTO MOLINA, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the Pres of NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA), the corporate party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA) and was authorized to do so.

Sworn to before me this
27 day of October 2021

_____
Notary Public

TARA M. BONILLA
Notary Public, State of New York
No. 01BO6257717
Qualified in Queens County
Commission Expires 3/19/24

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

MARCOS HERNANDEZ A/K/A PALENCIA,
*individually and on behalf of others similarly situated*,

                    *Plaintiff,*

-against-

EL AZTECA Y EL GUANACO REST CORP. (D/B/A EL AZTECA & EL GUANACO), NUEVO TULCINGO AZTECA CORP. (D/B/A EL NUEVO AZTECA), GILBERTO MOLINA, and TERESA DOE A/K/A ROSA,

                    *Defendants.*

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

---

STATE OF NEW YORK   )
                            ) ss.:
COUNTY OF NEW YORK  )

1. I reside in ___Bx___ County, New York.

2. Pursuant to the terms of the Settlement Agreement and Release by and between MARCOS HERNANDEZ a/k/a PALENCIA on the one hand, and EL AZTECA Y EL GUANACO REST CORP. (d/b/a EL AZTECA & EL GUANACO), NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA), GILBERTO MOLINA, and TERESA DOE a/k/a ROSA ("Defendants") on the other hand, I hereby confess judgment and authorize entry thereof against myself, GILBERTO MOLINA, in favor of Plaintiff for the sum of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments made by NUEVO TULCINGO AZTECA CORP. (d/b/a EL NUEVO AZTECA) under the Settlement Agreement.

3. This Affidavit of Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit of Confession io Judgment is annexed, which provides that Defendants are to remit a total sum of $40,000.00 to Plaintiff. The amount of this Affidavit of Confession of Judgment represents the settlement amount of $40,000.00, plus liquidated damages of $10,000.00, for a total of $50,000.00, less any payments made under the Settlement Agreement.

4.  This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.  I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Affidavit of Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $50,000.00 (less any amounts already paid to Plaintiff pursuant to the Settlement Agreement), against me, GILBERTO MOLINA.

_____
GILBERTO MOLINA

Sworn to before me this
27 day of October 2021

_____
Notary Public

TARA M. BONILLA
Notary Public, State of New York
No. 01PO6257717
Qualified in Queens County
Commission Expires 3/19/24