UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCOS HERNANDEZ, a/k/a PALENCIA,
*individually and on behalf of others similarly situated*,

                    Plaintiff,

– against –

EL AZTECA Y EL GUANACO REST CORP., d/b/a EL AZTECA & EL GUANACO, NUEVO TULCINGO AZTECA CORP., d/b/a EL NUEVO AZTECA, GILBERTO MOLINA, and TERESA DOE, a/k/a ROSA,

                    Defendants.

**ORDER**

20 Civ. 10316 (ER)

RAMOS, D.J.:

      Marcos Hernandez a/k/a Palencia brought this collective action on December 8, 2020, against defendants El Azteca y El Guanaco Rest Corp. (d/b/a El Azteca & El Guanaco), Nuevo Tulcingo Azteca Corp. (d/b/a El Nuevo Azteca), Gilberto Molina, and Teresa Doe (a/k/a Rosa), alleging violations of the Fair Labor Standards Act ("FLSA"), various provisions of New York Labor Law ("NYLL"), and the supporting New York State Department of Labor regulations. Doc. 1. Hernandez alleges that Defendants failed to pay him the lawful minimum wage, overtime compensation, and spread of hours compensation, failed to provide proper wage notices and wage statements, improperly required him to pay, without reimbursement, equipment costs, improperly deducted his wages, and failed to pay his wages on a timely basis. Before the Court is the parties' motion for settlement approval. Doc. 40. For the following reasons, the motion for settlement approval is GRANTED.

I.  **LEGAL STANDARD**

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

II.  **DISCUSSION**

    A.  **Range of Recovery**

The proposed settlement agreement provides for a recovery of $40,000.  Doc. 40 at 2; Doc. 40-1 at 2.  Hernandez's counsel will receive approximately one third of the total settlement

amount for attorneys' fees and costs ($13,333.33).  Doc. 40 at 2; Doc. 40-1 at 3.  After attorneys' fees and costs, Hernandez will receive $26,666.67.

Hernandez estimates that he is entitled to back wages of approximately $36,608 and would be entitled to approximately $90,821.99 if he had recovered in full for his claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.  Doc. 40 at 1.  Thus, under the terms of the settlement, Hernandez would recover approximately 73% of his claimed back wages and approximately 29% of his total recovery.  The parties request that this settlement be approved as fair.  *Id.* at 2; *see also Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery).

In support of his calculations, Hernandez has included a breakdown of his wages from May 15, 2019 through October 8, 2020, which is "based upon preliminary information and [his] expected testimony" and "was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA & NYLL."  *See* Doc. 40-2 at 1.  He calculates that he is owed $31,823 in total unpaid wages and overtime compensation; $31,823 in liquidated damages on wages and overtime compensation; $4,785 in unpaid spread of hours pay; $4,785 in liquidated damages on unpaid spread of hours pay; $10,000 in damages for invalid wage notices and invalid wage statements; $4,902.44 in pre-judgment interest on wages and overtime compensation; $703.55 in pre-judgment interest on spread of hours pay; and $2,000 in payment for the tools of the trade.  *Id.*  Therefore, Hernandez's calculations resulted in a total amount of $90,821.99.  *Id.* at 3.

While Defendants deny the allegations in the Complaint, Doc. 40 at 2, they indicated that they were experiencing financial strain due to the COVID-19 pandemic. *Id.* As a result, Plaintiff decided to settle, because "he understood that even if he was to obtain a judgment, collecting it would be difficult." *Id.* Therefore, in light of these uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Hernandez. The Court finds that the proposed settlement amount is reasonable. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount was a "reasonable compromise of disputed issues" (citation omitted)).

### B. Attorneys' Fees & Costs

The Court finds the proposed attorneys' fees and costs to be reasonable. Hernandez's counsel will receive $13,333.33, or one third of the settlement. Doc. 40 at 2. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Hernandez's counsel, Michael Faillace, the managing member, and William Oates, an associate at the firm, has submitted billing records indicating a rate of $450 per hour and $400

per hour, respectively.[1]  Doc. 40 at 3; Doc. 40-3.  As to the managing member, courts have held that an hourly rate of $450 is "the prevailing maximum rate in the Southern District."  *Ochoa v. Prince Deli Grocery Corp.*, No. 18 Civ. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021); *see Ramirez v. AAM Rest. LLC*, No. 20 Civ. 4700 (VSB), 2021 WL 4238170, at *3 (S.D.N.Y. Aug. 2, 2021) (approving proposed hourly rate of $450 for Faillace); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale").  Therefore, the Court finds that the managing member's hourly rate of $450 is reasonable.

As to the associate, the Court finds that the associate's hourly rate of $400 is reasonable. *See, e.g.*, *Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $400 for Oates as requested in Doc. 32-3).

As to the unidentified individual with the initials "PL" who is presumably a paralegal based on the work they performed and the rate they billed, Plaintiff has not stated this individual's role and relevant experience.  "[C]ourts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals."  *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015).  Nonetheless, "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict."  *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted)

---

[1] While the motion refers to Michael Faillace and William Oates as the "attorney[s] who performed billable work in this matter," the records indicate that another individual with the initials "PL" (presumably a paralegal) also performed work on Hernandez's case, and appears to have billed at a rate of $125 per hour.  *See* Doc. 40 at 3; Doc. 40-3 at 1–2.

(finding that the unidentified party labeled "PL" was a paralegal and holding that the requested hourly rate of $100 was reasonable); *see also Quic*, 2021 WL 4710794, at *2 (approving proposed hourly rate of $125 for individual with initials "PL" from same firm as requested in Doc. 32-3). Therefore, the Court finds that the paralegal's hourly rate of $125 is reasonable.

The records submitted by Hernandez's counsel show that the managing member spent 3.8 hours on the case at a $450 hourly rate, resulting in a lodestar of $1,710; the associate spent 22.2 hours on the case at a $400 hourly rate, resulting in a lodestar of $8,880; and the individual with the initials "PL" spent 8.4 hours on the case at a $125 hourly rate, resulting in a lodestar of $1,050. Doc. 40-3. Therefore, counsel's total lodestar is $11,640. *Id.* Hernandez's counsel seeks $13,333.33 in attorneys' fees and costs, $734 of which are costs for a filing fee and process server fees. *See id.* at 5. The lodestar of $11,640, compared to the requested $12,599.33 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately 1.08. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.08 and determines $12,599.33 in attorneys' fees to be reasonable under the circumstances. The Court further finds that the requested costs of $734 are also reasonable.

### C. Other Provisions

The Court finds all other provisions of the settlement to be fair and reasonable, as it includes no objectionable releases or non-disparagement or confidentiality provisions. *See Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to the parties' obligations under the agreement, the release appropriately discharges only claims and causes of action which have accrued from the beginning of time through the date

that the parties executed the agreement, relating specifically to the claims in this action, particularly under the FLSA, the NYLL, and the Hospitality Wage Order of the New York State Department of Labor. Doc. 40-1 at 3–4; *see Quic*, 2021 WL 4710794, at *2 (approving similar release provisions); *Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

The settlement agreement also includes a mutual non-disparagement clause. Doc. 40-1 at 4–5. Because the non-disparagement clause includes a carve-out for truthful statements about the parties' experience litigating the case, it is permissible. *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 180 n.65; *accord Quic*, 2021 WL 4710794, at *2; *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016).

### III. CONCLUSION

The Court finds that the proposed settlement agreement is fair and reasonable and approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 40, and close the case.

It is SO ORDERED.

Dated:   December 9, 2021
         New York, New York

                                                                        EDGARDO RAMOS, U.S.D.J.